**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILSHIRE BANK, | Civil Action No.: 14-1770 (JLL) |
| Plaintiff, | |
| v. | **ORDER** |
| MIYE CHON, et al., | |
| Defendants. | |

   **THIS MATTER** comes before the Court by way of Plaintiff's motion for default judgment as to Defendant UBK Bagels Corp. [Docket Entry No. 47] and it appearing that:

1. Plaintiff's Complaint, which was filed in March 2014, asserts a variety of claims against a variety of Defendants. For purposes of this motion, suffice it to say that Plaintiff's Complaint asserts a single claim of unjust enrichment as against Defendant UBK Bagels, Corp. This Court's jurisdiction is premised on diversity of citizenship, 28 U.S.C. § 1332.

2. Plaintiff now moves, without opposition, for default judgment (as to liability alone) as to Defendant UBK Bagels, Corp., pursuant to Federal Rule of Civil Procedure 55(b)(2).

3. The Court has carefully reviewed Plaintiff's motion and finds same to be deficient. To enter a default judgment, the Court must first determine whether a sufficient cause of action has been stated, taking as true the factual allegations of the Complaint, but not necessarily the allegations related to damages. *See, e.g., Chanel, Inc. v. Gordashevsky*, 558 F.Supp.2d 532, 535–36 (D.N.J. 2008). Once a cause of action has been established, "district courts must make explicit factual findings as to: (1) whether the party subject to default has a

1

meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). As a general matter, even when a party is properly in default, the other side is not entitled to the entry of default judgment as of right, and the entry of such a judgment is left primarily to the discretion of the district court. *See, e.g., Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

4. Plaintiff has failed to submit a legal brief demonstrating that it has stated a claim of unjust enrichment as against Defendant UBK Bagels, Corp., nor has Plaintiff submitted a statement indicating that no brief is necessary and the reasons why. This violates Local Civil Rule 7.1(d), subsections (1) and (4). Nor does Plaintiff's Complaint provide sufficient facts, on its own, to allow the Court to draw the reasonable inference that Defendant UBK Bagels, Corp. is liable for unjust enrichment under New Jersey law. To the contrary, Count Sixteen (unjust enrichment as against UBK Bagels Corp.) merely incorporates by references *all* allegations set forth in paragraphs 1 through 239 of Plaintiff's Complaint. This is inappropriate. *See, e.g., Anderson v. District Bd. of Trustees of Cent. Florida Cmty. College*, 77 F.3d 364, 366 (11th Cir.1996) ("Anderson's complaint is a perfect example of 'shotgun' pleading in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief").

5. Having failed to convince the Court that entry of default judgment is warranted—even as to liability alone—as to Defendant UBK Bagels Corp. at this time, Plaintiff's motion is denied *without* prejudice to the refiling of same **within thirty (30) days**, in a manner than

2

complies with the directives contained herein, as well all applicable Local Civil and Federal Rules of Civil Procedure.

Accordingly, **IT IS** on this 25 **day of August, 2014,**

**ORDERED** that Plaintiff's motion for default judgment as to Defendant UBK Bagels Corp. [Docket Entry No. 47] is **denied without prejudice** to the re-filing of same in accordance with the directives set forth above.

**IT IS SO ORDERED.**

_____
Jose L. Linares
United States District Judge