**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BANK OF HOPE,<br><br>Plaintiff,<br><br>v.<br><br>MIYE CHON et al.,<br><br>Defendants. | Civil Action No. 14-cv-1770 (KM) (JAD)<br><br>REPORT AND RECOMMENDATION ON SUK JOON RYU'S MOTION FOR DEFAULT JUDGMENT |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court on Defendant/Counterclaim Plaintiff/Third-Party Counterclaim Plaintiff/Crossclaim Plaintiff Suk Joon Ryu's ("Mr. Ryu") unopposed motion for default judgment pursuant to Federal Rule of Civil Procedure 55.[1] (ECF No. 307). Mr. Ryu moves for default judgment against Defendant/Crossclaim Defendant Miye Chon ("Ms. Chon") based on Mr. Ryu's crossclaim for defamation, with the amount of damages to be set by a jury trial. (ECF No. 307-2 at 3). The Court heard oral argument on Mr. Ryu's motion on December 5, 2019. Upon consideration of the parties' submissions and arguments, and the balance of the docket for this matter, and for the reasons stated herein, the undersigned respectfully recommends that the District Court **GRANT** Mr. Ryu's motion for default judgment.[2]

---

[1] Although Plaintiff Bank of Hope does not oppose Mr. Ryu's motion, Bank of Hope disputes Mr. Ryu's characterization of certain factual allegations. (See ECF No. 324).

[2] On July 3, 2019, Mr. Ryu and Plaintiff Bank of Hope consented to the undersigned's jurisdiction to hear their separate motions for default judgment. (ECF No. 310-1). On July 8, 2019, the Honorable Kevin McNulty, U.S.D.J., referred both motions in accordance with 28 U.S.C. § 636(c). (ECF No. 315). After considering the parties' submissions and arguments, the undersigned

## I. DISCUSSION

"[T]he entry of a default judgment is left primarily to the discretion of the district court."[3] Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984) (citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. DirecTV, Inc. v. Asher, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." Doe v. Simone, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's

---

hesitates to exercise this authority because the remaining parties in this action—Ms. Chon and her husband, Defendant/Crossclaim Defendant Tae Jong Kim ("Mr. Kim")—have not consented to the reference of either motion. The circumstances surrounding these motions present a unique situation. Both Ms. Chon and Mr. Kim are pro se litigants and the Clerk of Court issued an entry of default against each of them in mid-2019. Nonetheless, Ms. Chon and Mr. Kim filed various letters responding to Bank of Hope's motion for default judgment against them. (See ECF Nos. 346, 356, 357, 371). While Bank of Hope's motion for default judgment, (ECF No. 8), is not the subject of this Report and Recommendation, the point is that both Ms. Chon and Mr. Kim sporadically participate in this litigation. Moreover, Mr. Kim attended the December 5, 2019 hearing on the motions. At the hearing, the undersigned asked Mr. Kim whether he consented to the undersigned resolving the motions. (Tr. of Mot. Hr'g 15:24-16:6, ECF No. 375). While Mr. Kim did consent, the undersigned, mindful that Mr. Kim is proceeding pro se in this complex action, was not satisfied that Mr. Kim fully comprehended the nature of the current proceedings. (Id. 15:24-18:24). Thus, the Court will set forth its findings and recommendations to Judge McNulty for review and entry of a final order dispositive of each motion.

[3] The District Court in this matter recently ruled on an unopposed motion for default judgment in the matter of Ottomanson, Inc. v. UCAI, LLC, 2020 WL 205945 (D.N.J. Jan. 10, 2020). There, Judge McNulty set forth the legal standard on a motion for default judgment, which the undersigned will incorporate here.

2

well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." Id. (citing Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. Doe, 2013 WL 3772532, at *2.

### A.   Prerequisites for Entry of Default Judgment

"Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days." Ottomanson, Inc., 2020 WL 205945, at *1 (citing Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 18–19 (3d Cir. 1985)); Fed. R. Civ. P. 12(a).

On May 8, 2014, Mr. Ryu filed his Answer, Affirmative Defenses, Counterclaim, and Crossclaim ("Original Crossclaim"). (ECF No. 25). Mr. Ryu's Original Crossclaim asserted a claim for defamation against Ms. Chon for falsely claiming that Ryu was involved in her embezzlement of money from BankAsiana. (Id. at p. 25, ¶¶ 25-28). Mr. Ryu's prior counsel certified that he served the Answer, Affirmative Defenses, Counterclaim, and Crossclaim on Ms. Chon's then-counsel, Matthew Jeon, Esq., by way of the CM/ECF system, facsimile and U.S. mail. (Id. at p. 27). On June 6, 2014, Ms. Chon filed an Answer to Mr. Ryu's Original Crossclaim. (ECF No. 35). On December 2, 2016, the undersigned Ordered Ms. Chon's Answer to Ryu's Original Crossclaim be stricken from the record for Ms. Chon's failure to comply with two Court Orders. (ECF No. 134).

On September 26, 2016, Mr. Ryu filed his Amended Answer, Affirmative Defenses, Counterclaims, and Crossclaims ("Amended Crossclaim"). (ECF No. 111). Count I of Mr. Ryu's Crossclaims asserts a claim for defamation against Ms. Chon for publishing false and defamatory

3

statements that Mr. Ryu conspired with her to embezzle money from BankAsiana. (Id. ¶¶ 192-199). Mr. Ryu's current counsel certified that he served the Amended Answer, Affirmative Defenses, Counterclaims, and Crossclaims on Ms. Chon's then-counsel, Matthew Jeon, Esq., by way of the CM/ECF system. (Id. at p. 56). Pursuant to Federal Rule of Civil Procedure 12(a)(1)(B), the deadline for Ms. Chon to file an Answer to Mr. Ryu's Crossclaim was October 17, 2016. The record reflects that Ms. Chon never responded to Mr. Ryu's Crossclaim.

On May 22, 2018, the undersigned granted Matthew Jeon, Esq.'s motion to withdraw as Ms. Chon's counsel. (ECF No. 212). Ms. Chon has since proceeded as a pro se litigant. On June 18, 2019, Mr. Ryu requested that the Clerk enter default against Ms. Chon pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 305). On June 20, 2019, the Clerk entered default against Ms. Chon. On June 25, 2019, Mr. Ryu filed his motion for default judgment and certified that a copy was served on Ms. Chon by way of Certified and U.S. First Class Mail. (ECF No. 307). Ms. Chon has not responded to Mr. Ryu's motion. Accordingly, the undersigned finds that the prerequisites for default judgment are met here. See Ottomanson, Inc., 2020 WL 205945, at *1.

### B. Three-Factor Analysis

"After the prerequisites have been satisfied, a court must evaluate the following three factors: '(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default.'" Ottomanson, Inc., 2020 WL 205945, at *2 (quoting Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008)). In light of the record of this case, the undersigned finds these factors weigh in favor of entering default judgment against Ms. Chon.

#### 1. Merits/Existence of Defense

Turning to the first factor—whether the party subject to default has a meritorious defense—the undersigned finds that Mr. Ryu has stated a viable claim for relief against Ms. Chon for

4

defamation. In making this determination, the undersigned accepts as true Mr. Ryu's factual allegations against Ms. Chon. See Doe, 2013 WL 3772532, at *5.

Under New Jersey law, a claim for defamation has three elements: "(1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher." Williams v. USA, 2018 WL 4929390, at *6 (D.N.J. Oct. 11, 2018) (internal citation and quotations omitted). Mr. Ryu has satisfied each element here.

Mr. Ryu was the Senior Vice President and Chief Operating Officer at BankAsiana in New Jersey until October of 2013, when Mr. Ryu sold BankAsiana to Wilshire Bank.[4] (Am. Cross-cl. ¶¶ 16, 21, ECF No. 111). When the two banks merged under Wilshire Bank's name, Mr. Ryu's employment with BankAsiana ended and Mr. Ryu went on to work for another New Jersey bank, New Millennium Bank. (Id. ¶¶ 24-26). Prior to the merger, Ms. Chon also worked at BankAsiana as the Assistant Vice President and Operations Officer. (Answer ¶ 15, ECF No. 111; Am. Compl. ¶ 15, ECF No. 92). Wilshire Bank did not retain Ms. Chon as an employee after the merger. (Am. Cross-cl. ¶ 47, ECF No. 111). On March 21, 2016, Ms. Chon pleaded guilty in federal court to embezzling $1,431,195.22 from BankAsiana between 2010 and 2013. (Id. ¶ 28).

During Wilshire Bank's 2014 investigation of Ms. Chon's embezzlement, and during Ms. Chon's 2016 deposition in this civil action, Ms. Chon made statements implicating Mr. Ryu in her embezzlement scheme—statements and testimony that Mr. Ryu argues are false and defamatory. (Id. ¶¶ 30, 50; ECF No. 307-2 at 7). Specifically, when Wilshire Bank began its investigation into Ms. Chon's embezzlement activities, Ms. Chon participated in two meetings with Wilshire Bank employees. (Am. Cross-cl. ¶¶ 48-50, ECF No. 111). At the first meeting, Ms. Chon confessed to

---

[4] Plaintiff Bank of Hope is successor to Wilshire Bank. (Am. Cross-cl. ¶ 117, ECF No. 111).

stealing money from BankAsiana. (Id. ¶ 48). One day later, at the second meeting, Ms. Chon again confessed to stealing money from BankAsiana, but this time told Wilshire Bank that Mr. Ryu was also involved. (Id. ¶ 50). Although Mr. Ryu and Ms. Chon had no personal or professional relationship, and were only minimally connected through BankAsiana, (id. ¶ 43), Ms. Chon requested to meet with Mr. Ryu in person. (Id. ¶ 65). At their meeting, Ms. Chon informed Mr. Ryu that she had embezzled money from BankAsiana, had confessed to Wilshire Bank, and had told Wilshire Bank that Mr. Ryu was involved in the scheme. (Id. ¶ 66). Mr. Ryu demanded that Ms. Chon tell Wilshire Bank that she lied about Mr. Ryu's involvement. (Id. ¶ 68). Ms. Chon agreed to do so. (Id.). At Ms. Chon's request, she and Mr. Ryu met in person again in February of 2014. (Id. ¶ 69). Ms. Chon again agreed to tell Wilshire Bank she lied about Mr. Ryu's involvement. (Id. ¶ 70). This meeting was the last time Mr. Ryu spoke to Ms. Chon. (Id. ¶ 71).

In addition to Ms. Chon's statements to Wilshire Bank in 2014, Mr. Ryu avers that Ms. Chon falsely testified at her 2016 deposition that:

(a) Mr. Ryu, after discovering Ms. Chon was embezzling money, asked Ms. Chon on ten separate occasions between 2010 and 2013 to lend him money, (id. ¶ 33);

(b) Ms. Chon gave Mr. Ryu a total of $700,000 to $800,000 that she either delivered to him in an envelope or that Mr. Ryu picked up from her, (id. ¶ 36); and

(c) that Ms. Chon understood that Mr. Ryu would help her get promoted at BankAsiana as compensation for her loaning Mr. Ryu the money.[5] (Id. ¶ 38).

As a result of Ms. Chon's false and defamatory statements to Wilshire Bank that Mr. Ryu was involved in the embezzlement scheme, Wilshire Bank froze Mr. Ryu's checking account from

---

[5] The Court's recitation of Ms. Chon's deposition testimony is based on Mr. Ryu's summary of the testimony in his Amended Crossclaim. Mr. Ryu did not attach a deposition transcript to his Amended Crossclaim or to his motion for default judgment to which the Court can cite directly.

January of 2014 to October of 2015, seizing Mr. Ryu's account balance of approximately $54,000. (Id. ¶¶ 55-60). Mr. Ryu's then-current place of employment, New Millennium Bank, terminated him after hearing about the embezzlement allegations. (Id. ¶ 104). New Millennium Bank eventually hired Mr. Ryu two and a half years later in June of 2016 for a short period as a consultant, but this was the first job that Mr. Ryu was able to secure since his termination. (Id. at ¶ 105). Mr. Ryu has been unable to find gainful employment, his personal and professional reputation is tarnished, and he continues to suffer financially and emotionally as a result of being falsely labeled as an embezzler. (Id. ¶¶ 106, 107, 121). Accepting these allegations against Ms. Chon as true, the undersigned is satisfied that Mr. Ryu has stated a sufficient cause of action for defamation against Ms. Chon for purposes of default judgment.

### 2. Prejudice and Culpability

Turning to the second and third factors—the prejudice suffered by the party seeking default and the culpability of the party subject to default—the undersigned finds that these factors also weigh in favor of default judgment against Ms. Chon. As noted in Section I.A. above, Ms. Chon was properly served with Mr. Ryu's Amended Answer, Affirmative Defenses, Counterclaims, and Crossclaims. Ms. Chon was represented by counsel at the time she was served. She continued to be represented by counsel for over a year and a half after being served and continued to participate in this litigation through her attorney. Yet Ms. Chon never responded to Mr. Ryu's Amended Crossclaim. It is unclear from Mr. Ryu's motion whether he was able to engage in any discovery on his Crossclaim against Ms. Chon. It is clear, however, that Ms. Chon's failure to respond has prejudiced Mr. Ryu because he "has been 'prevented from prosecuting [his] case . . . and seeking relief in the normal fashion.'" Ottomanson, Inc., 2020 WL 205945, at *3 (quoting Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc., 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011)); see also Gowan v. Cont'l Airlines, Inc., 2012 WL 2838924, at *2 (D.N.J. Jul. 9,

7

2012) ("Plaintiff will suffer prejudice if the Court does not enter default judgment as Plaintiff has no other means of seeking damages for the harm caused by Defendant.").

As to Ms. Chon's culpability, "absent any evidence to the contrary, 'the Defendant's failure to answer evinces the Defendant's culpability in [the] default.'" Ottomanson, Inc., 2020 WL 205945, at *3 (quoting Teamsters Pension Fund of Philadelphia & Vicinity, 2011 WL 4729023, at *4). In this case, just as the District Court found in Ottomanson, Inc., "there is nothing before the Court to show that the Defendant['s] failure to file an answer was not willfully negligent."[6] Id. (quoting Teamsters Pension Fund of Philadelphia & Vicinity, 2011 WL 4729023, at *4) (internal quotations omitted); see also Prudential Ins. Co. of America v. Taylor, 2009 WL 536043, at *1 (D.N.J. Feb. 27, 2009) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and warrants default judgment).

The undersigned therefore finds that the three factors support the entry of default judgment against Ms. Chon and in favor of Mr. Ryu. The undersigned respectfully recommends that the District Court grant Mr. Ryu's motion for default judgment. (ECF No. 307).

### C. Remedies

Mr. Ryu seeks compensatory and punitive damages in an amount to be determined at a jury trial. (ECF No. 307-2 at 7). At the December 5, 2019 hearing, Mr. Ryu's counsel acknowledged that the damages issue need not be resolved right away, and instead suggested that the undersigned and the District Court consider the following:

> MR. HARVEY: But the consideration is this, Your Honor. We have now filed a separate lawsuit against Bank of Hope for bringing the lawsuit against Mr. Ryu and the harm that it caused. That harm, I believe, . . . it's certainly going to overlap greatly, if not be entirely coterminous, with the harm that was caused by Ms. Chon's

---

[6] The undersigned notes that unlike Ms. Chon, the defendant in Ottomanson, Inc., "failed to appear or defend [the case] in any manner." Ottomanson, Inc., 2020 WL 205945, at *1.

defamation of Mr. Ryu. So we're going to end up doing it twice.

. . .

MR. HARVEY: Well, what I would like to propose is we don't—Ms. Chon is in prison, we don't need to have that issue resolved right away. We have another case going on. We might be able to have that issue decided in the other case.

(Tr. of Dec. 5, 2019 Mot. Hr'g 30:7-30:20).

Mr. Ryu filed the separate lawsuit against Bank of Hope on October 15, 2019. The action is currently before the District Court in this matter and the Honorable James B. Clark, III, U.S.M.J. (See Compl., ECF No. 1, 2:19-cv-18998-KM-JBC). The undersigned respectfully recommends, in the interests of judicial economy, that the District Court hold a proof hearing in lieu of a jury trial to determine damages, and that the proof hearing be held either when Mr. Ryu's separate case is resolved or in conjunction with that case's resolution.

## II.  CONCLUSION

For the reasons stated herein, the undersigned respectfully recommends that the District Court **GRANT** Mr. Ryu's motion, (ECF No. 307), and enter default judgment against Ms. Chon and in favor of Mr. Ryu in an amount to be determined at a proof hearing, either when Mr. Ryu's separate case is resolved or in conjunction with that case's resolution.

_____  2/18/20
JOSEPH A. DICKSON, U.S.M.J.

cc.   Hon. Kevin McNulty, U.S.D.J.