<u>**NOT FOR PUBLICATION**</u>

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BANK OF HOPE,**<br><br>  Plaintiff,<br><br>v.<br><br>**MIYE CHON et al.,**<br><br>  Defendants. | Civil Action No. 14-cv-1770 (KM) (JAD)<br><br>**REPORT AND RECOMMENDATION ON BANK OF HOPE'S MOTION FOR DEFAULT JUDGMENT** |

<u>**JOSEPH A. DICKSON, U.S.M.J.**</u>

This matter comes before the Court on Plaintiff/Counterclaim Defendant Bank of Hope's ("Plaintiff" or "Bank of Hope") motion for default judgment pursuant to Federal Rule of Civil Procedure 55. (ECF No. 308). Plaintiff moves for default judgment against Defendant Miye Chon ("Ms. Chon") in the amount of $1,351,090.00 and for default judgment against Defendants Tae Jong Kim ("Mr. Kim"), Bergenfield Bagel & Café Inc., Maywood Bagel Inc., UB's Pizza and Bagel Inc., UB's Bagel & Café Inc., and UBK Bagels Corp. (the "Corporate Defendants"), jointly and severally, in the amount of $538,032.90.[1] (<u>Id.</u>). The Court heard oral argument on Plaintiff's motion on December 5, 2019, and thereafter directed Plaintiff to file supplemental briefing on its motion, particularly as it applied to Mr. Kim's liability. (<u>See</u> ECF No. 380). Upon consideration of the parties' submissions and arguments, and the balance of the docket for this matter, and for the reasons stated herein, the undersigned respectfully recommends that the District Court

---

[1] The Court's use of "Defendants" as a general identifier in this Report and Recommendation does not include Defendant Suk Joon Ryu, whom Plaintiff has not moved for default judgment against.

**GRANT IN PART** and **DENY IN PART** Plaintiff's motion for default judgment.[2]

## I.     BACKGROUND

As the parties are intimately familiar with the facts of this case, the undersigned will dispense with a lengthy recitation of the case's background.  In brief summary, Ms. Chon was the former Assistant Vice President and Operations Officer at BankAsiana.  BankAsiana eventually merged into Wilshire Bank, which eventually merged into Plaintiff Bank of Hope.  It is undisputed that from 2010 to 2013, Ms. Chon embezzled $1,351,090.00 from BankAsiana by siphoning funds from BankAsiana's customer accounts.  When the bank began investigating suspicious activity related to the accounts, Ms. Chon confessed to embezzling the money.  She and her husband, Mr. Kim, had attempted to purchase and operate a number of local bagel shops and cafés (the Corporate Defendants) over the years, but they could not get the businesses off the ground.  Ms. Chon used the embezzled funds, or at least part of them, to pay down the mounting loans taken out to acquire the businesses.  Eventually, in a criminal action before the Honorable William H. Walls, U.S.D.J., in March of 2016, Ms. Chon pleaded guilty to charges of bank fraud, embezzlement of funds by a

---

[2] On July 3, 2019, Mr. Ryu and Plaintiff Bank of Hope consented to the undersigned's jurisdiction to hear their separate motions for default judgment.  (ECF No. 310-1).  On July 8, 2019, the Honorable Kevin McNulty, U.S.D.J., referred both motions in accordance with 28 U.S.C. § 636(c). (ECF No. 315).   After considering the parties' submissions and arguments, the undersigned hesitates to exercise this authority because Ms. Chon and Mr. Kim have not consented to the reference of either motion.  The circumstances surrounding these motions present a unique situation.  Both Ms. Chon and Mr. Kim are pro se litigants and while the Clerk of Court issued an entry of default against each of them in mid-2019, Ms. Chon and Mr. Kim have sporadically participated in this litigation.  Specifically, Ms. Chon and Mr. Kim filed various letters responding to Bank of Hope's motion for default judgment against them,  (see ECF Nos. 346, 356, 357, 371), and Mr. Kim attended the December 5, 2019 hearing on the motion.  At the hearing, the undersigned asked Mr. Kim whether he consented to the undersigned resolving the motions.  (Tr. of Mot. Hr'g 15:24-16:6, ECF No. 375).  While Mr. Kim did consent, the undersigned, mindful that Mr. Kim is proceeding pro se in this complex action, was not satisfied that Mr. Kim fully comprehended the nature of the current proceedings.  (Id. 15:24-18:24).  Thus, the Court will set forth its findings and recommendations to Judge McNulty for review and entry of a final Order dispositive of Bank of Hope's motion.

2

bank employee, and aggravated identity theft.  Judge Walls sentenced Ms. Chon to a prison term of eighty-one months, which she is currently serving, and Ordered her to make restitution to Bank of Hope in the amount of $1,351,090.00.  In the above-captioned civil action, Bank of Hope brings claims against Ms. Chon for conversion, fraud, civil conspiracy to defraud, breach of fiduciary duty, and unjust enrichment.  (Am. Compl. ¶¶ 28-68, ECF No. 92).  Bank of Hope also brings claims against Mr. Kim and the Corporate Defendants for unjust enrichment.  (Id. ¶¶ 92-103).

## II.  DISCUSSION

"[T]he entry of a default judgment is left primarily to the discretion of the district court."[3] Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984) (citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951)).  Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments."  United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984).  Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible.  DirecTV, Inc. v. Asher, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages."  Doe v. Simone, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013).  While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true."  Id. (citing Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d

---

[3] The District Court in this matter recently ruled on an unopposed motion for default judgment in the matter of Ottomanson, Inc. v. UCAI, LLC, No. 19-8775 (KM), 2020 WL 205945 (D.N.J. Jan. 10, 2020).  There, Judge McNulty set forth the legal standard on a motion for default judgment, which the undersigned will incorporate here.

3

532, 536 (D.N.J. 2008)).  Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations.  Doe, 2013 WL 3772532, at *2.

### A. Prerequisites for Entry of Default Judgment

"Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days." Ottomanson, Inc., 2020 WL 205945, at *1 (citing Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 18–19 (3d Cir. 1985)); Fed. R. Civ. P. 12(a).

Plaintiff's predecessor, Wilshire Bank, filed a Complaint against Defendants on March 19, 2014.[4]  (Compl., ECF No. 1).  On April 11, 2014, the parties stipulated that Defendants' then-counsel, Matthew Jeon, Esq., received service of the Summons and Complaint on behalf of all Defendants except UBK Bagels Corp.  (ECF No. 7).  Plaintiff served the Summons and Complaint on UBK Bagels Corp. on April 21, 2014.  (ECF No. 42).  UBK Bagels Corp.'s response to the Complaint was due May 12, 2014, but to date, this Defendant has not responded to the Complaint or otherwise appeared in this litigation.  (Yi Decl. ¶ 18, ECF No. 308-1).  The Clerk entered default against UBK Bagels Corporation on July 17, 2014, and Plaintiff subsequently moved for default judgment against this Defendant. (ECF No. 45).  On August 26, 2018, the Court denied Plaintiff's motion for default judgment without prejudice based on Plaintiff's failure to provide a legal brief or sufficient facts to allow the Court to reasonably infer that UBK Bagels Corp. is liable for unjust enrichment under New Jersey law.  (ECF No. 48).

As to Defendants other than UBK Bagels Corp., the parties agreed to multiple stipulations

---

[4] Plaintiff Bank of Hope is successor by merger to Wilshire Bank.

extending Defendants' deadline to respond to the Complaint until Defendants filed an Answer on June 6, 2014.  (See generally Answer, ECF No. 35).  The Court later struck Defendants' Answer to the original Complaint for Defendants' failure to comply with Court Orders.  (ECF No. 134).  On July 11, 2016, Plaintiff filed an Amended Complaint.  (See generally Am. Compl., ECF No. 92).  The record reflects that neither Ms. Chon, nor Mr. Kim, nor the Corporate Defendants have responded to the Amended Complaint.[5]  (Yi Decl. ¶ 11, ECF No. 308-1).  The Clerk entered default against Defendants on May 23, 2019, and Plaintiff filed the instant motion for default judgment on June 27, 2019.  (ECF No. 308).

The Court received several responses to Plaintiff's motion for default judgment.  Defendant/Counterclaim Plaintiff/Third-Party Counterclaim Plaintiff/Crossclaim Plaintiff Suk Joon Ryu ("Mr. Ryu") filed a statement of qualified non-opposition disputing the factual averments in Plaintiff's motion connecting Mr. Ryu to Ms. Chon's embezzlement scheme.  (ECF No. 323).  Ms. Chon filed both a letter in opposition to Plaintiff's motion, (ECF No. 346), and a letter in sur-reply.  (ECF No. 356).  Mr. Kim filed two letters in response to Plaintiff's motion, the first letter on September 6, 2019, (ECF No. 357), and the second letter on October 15, 2019.  (ECF No. 371).  Plaintiff asks the Court to disregard Ms. Chon's sur-reply and Mr. Kim's letters as procedurally improper under the Local Civil Rules and untimely.  (ECF Nos. 358, 360).

Based on the above procedural history, the undersigned finds that Ms. Chon, Mr. Kim, and the Corporate Defendants, including UBK Bagels Corp., were properly and timely served with the Amended Complaint, which they failed to answer or otherwise respond.  The prerequisites for default judgment are therefore met here.  See Ottomanson, Inc., 2020 WL 205945, at *1.

---

[5] Ms. Chon, Mr. Kim, and the Corporate Defendants other than UBK Bagels Corp. were represented by counsel at the time Plaintiff filed its Amended Complaint until May 22, 2018, when the Court granted Defendants' counsel's motion to withdraw.  (See ECF No. 212).  Ms. Chon and Mr. Kim have remained pro se litigants in this matter ever since.

### B. Three-Factor Analysis

"After the prerequisites have been satisfied, a court must evaluate the following three factors: '(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default.'" Ottomanson, Inc., 2020 WL 205945, at *2 (quoting Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008)).  In light of the record of this case, the undersigned finds these factors weigh in favor of entering default judgment.

#### 1. Merits/Existence of Defense

Turning to the first factor—whether the party subject to default has a meritorious defense—the undersigned finds that Plaintiff's Amended Complaint states sufficiently pleaded claims for relief against Ms. Chon, Mr. Kim, and the Corporate Defendants.  In making this determination, the undersigned accepts as true the Amended Complaint's factual allegations against Ms. Chon, Mr. Kim, and the Corporate Defendants.  See Doe, 2013 WL 3772532, at *5.

##### a. Conversion as to Ms. Chon

Claims One through Seven of Plaintiff's Amended Complaint assert claims for conversion against Ms. Chon.  "To plead conversion, Plaintiff must show 'some repudiation by the defendant of the owner's right, or some exercise of dominion over [the property] by [Defendant] inconsistent with such right, or some act done which has the effect of destroying or changing the quality of the chattel.'" Gan Shi Lu v. Weinberger, No. 13-1837, 2015 WL 4743925, at *2 (D.N.J. Aug. 11, 2015) (brackets in original) (quoting Potash Stores, Inc. v. Bay Dev. Corp., 192 A. 379, 380 (N.J. 1937)).  Here, from 2010 to 2013, Ms. Chon made unauthorized withdrawals from several BankAsiana customers' certificate of deposit ("CD") accounts, (Am. Compl. ¶¶ 29, 32, 35, 38, 41, 44, 47, ECF No. 92), removing the funds from Plaintiff's vault, (id. ¶ 18), keeping portions of the embezzled funds for her own use and benefit, and diverting other portions to Mr. Kim and the

Corporate Defendants. (Id. ¶¶ 22-23). This conduct effectively destroys Plaintiff's rights to its own funds and constitutes conversion. Gan Shu Li, 2015 WL 4743925, at *2. Accepting these allegations against Ms. Chon as true, the undersigned is satisfied that Plaintiff has stated a sufficient cause of action for conversion against Ms. Chon for purposes of default judgment.

### b. Fraud as to Ms. Chon

Claim Eight of Plaintiff's Amended Complaint asserts a claim for fraud against Ms. Chon. "To state a claim for common law fraud, a plaintiff must plead sufficient facts that raise a plausible inference that: '(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting in damages.'" Gov't Emps. Ins. Co. v. Zuberi, No. 15-4895 (JLL), 2017 WL 4790383, at *5 (D.N.J. Oct. 23, 2017) (quoting Gotthelf v. Toyota Motor Sales, U.S.A., Inc., No. 11-4429 (JLL), 2012 WL 1574301, at *17 (D.N.J. May 3, 2012)). Allegations of fraud are subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading standard: "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Here, "[Ms.] Chon knowingly used her credentials to falsify BankAsiana's records in order to conceal unauthorized withdrawals from the bank's customer's accounts." (ECF No. 308-5 at 13; Am. Compl. ¶¶ 18, 50, ECF No. 92). Ms. Chon falsified the bank records intending that Plaintiff would rely on the seemingly valid withdrawals from the customers' accounts. (Am. Compl. ¶ 51, ECF No. 92). It appears Plaintiff reasonably relied on what appeared to be valid fund withdrawals because Ms. Chon was able to continue embezzling funds for three years before Plaintiff began investigating suspicious account activity. (Id. ¶¶ 52, 53). Ms. Chon embezzled not less than $1,351,090.00 from Plaintiff over the course of her scheme, an amount Judge Walls Ordered Ms. Chon to pay back to Plaintiff in restitution. (Id. ¶ 54; Pei Decl., ¶ 17, ECF No. 308-4). Accepting these allegations against Ms. Chon as true, the

7

undersigned is satisfied that Plaintiff has stated a sufficient cause of action for common law fraud against Ms. Chon for purposes of default judgment.

### c. Civil Conspiracy to Defraud as to Ms. Chon

Claim Nine of Plaintiff's Amended Complaint asserts a claim for civil conspiracy to defraud against Ms. Chon. "Like a fraud claim, a claim for conspiracy to defraud must be pled with specificity under Rule 9(b)." John Wiley & Sons, Inc. v. Rivadeneyra, 179 F. Supp. 3d 407, 411–12 (D.N.J. 2016) (citing Kronfeld v. First Jersey Nat'l Bank, 638 F. Supp. 1454, 1468 (D.N.J.1986) ("In actions alleging a conspiracy to defraud, the particularity requirements of Rule 9(b) must be met.")). "Under New Jersey law, a civil conspiracy is 'a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, a principal element of which is to inflict a wrong against or injury upon another, and an overt act that results in damage.'" Id. (quoting Banco Popular N. Am. v. Gandi, 876 A.2d 253 (N.J. 2005)). Plaintiff alleges that Ms. Chon conspired with Defendant Suk Joon Ryu, who was, at the time, BankAsiana's Senior Vice President and Chief Operating Officer, to carry out the embezzlement scheme. (Am. Compl. ¶¶ 18, 56, 57, 73, 74, ECF No. 92). The undersigned cannot evaluate this claim at this juncture for several reasons. Finding that Ms. Chon committed civil conspiracy with Mr. Ryu inherently implicates Mr. Ryu for the same claim. The merits of the civil conspiracy claim against Mr. Ryu is not presently before the Court for resolution. Plaintiff has not moved for default judgment against Mr. Ryu and the undersigned has neither reason nor authority to evaluate the merits of such a claim against Mr. Ryu. Even if the Court could evaluate Plaintiff's civil conspiracy claim against Ms. Chon and Mr. Ryu, it is not clear that Plaintiff can meet the particularity requirement of Rule 9(b)'s heightened pleading standard.

### d. Breach of Fiduciary Duty as to Ms. Chon

Claims Ten and Eleven of Plaintiff's Amended Complaint assert claims for breach of

8

fiduciary duty against Ms. Chon. "In order to establish a cause of action for a breach of fiduciary duty in New Jersey, a plaintiff must show that: (1) the defendant had a duty to the plaintiff, (2) the duty was breached, (3) injury to plaintiff occurred as a result of the breach, and (4) the defendant caused that injury." Jurista v. Amerinox Processing, Inc., No. 12-3825 (NLH) (JS), 492 B.R. 707, 758-59 (D.N.J. 2013) (citing Goodman v. Goldman, Sachs & Co., No. 10–1247, 2010 WL 5186180, at *4 (D.N.J. Dec. 14, 2010)). "Under New Jersey law, a fiduciary relationship arises between two persons when one person is under a duty to act for or give advice for the benefit of another on matters within the scope of their relationship." Id. at 759 (quoting Goodman, 2010 WL 5186180, at *12) (internal quotations omitted). "It is well established that corporate officers owe a fiduciary duty to the corporation itself." Id. (citing Francis v. United Jersey Bank, 432 A.2d 814 (N.J. 1981). For instance, the duty of loyalty requires a corporate officer "to act in the best interests of the corporation, rather than for their own benefit." Id. at 761.

Here, Ms. Chon served as BankAsiana's Assistant Vice President and Operations Officer. (Am. Compl. ¶ 18, ECF No. 92). Ms. Chon used her position and credentials to access BankAsiana's computer system and make unauthorized withdrawals from customer's accounts, such that Ms. Chon not only had the ability to manipulate customers' accounts, but also had the ability to follow through with withdrawing the funds from customers' accounts by retrieving cash from BankAsiana's vault. (Id.). By falsifying bank records and stealing funds for her own use and benefit, Ms. Chon engaged in self-dealing that was not in the bests interests of BankAsiana. Accepting these allegations against Ms. Chon as true, the undersigned is satisfied that Plaintiff has sufficiently pleaded, for purposes of default judgment, that Ms. Chon breached her fiduciary duty to Plaintiff.

### e. Unjust Enrichment as to Ms. Chon

Claim Twelve of Plaintiff's Amended Complaint asserts a claim for unjust enrichment

against Ms. Chon. "To succeed on a claim for unjust enrichment under New Jersey law, a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust." Gov't Emps. Ins. Co., 2017 WL 4790383, at *5 (internal citation and quotations omitted). "Additionally, for an unjust enrichment claim to succeed, there must be a showing that the plaintiff expected remuneration from the defendant, or if the true facts were known to plaintiff, he would have expected remuneration from defendant, at the time the benefit was conferred." Id. (internal citation and quotations omitted). In the related criminal proceeding, Ms. Chon pleaded guilty to embezzling funds from BankAsiana for her personal use, funds which Plaintiff avers it has not recovered from Ms. Chon. (Pai Decl. ¶ 18, ECF No. 308-4). Ms. Chon does not dispute her conduct; she admits that she embezzled the money and indeed used some of it to pay down various loans related to the failed businesses, the Corporate Defendants. (ECF No. 346 at 5). Ms. Chon therefore benefitted from the embezzled funds—money that Plaintiff and its customers would want replenished in their accounts. Accepting the facts in Plaintiff's Amended Complaint as true, the undersigned is satisfied that Plaintiff has sufficiently pleaded a cause of action for unjust enrichment against Ms. Chon for purposes of default judgment.

### f.  Unjust Enrichment as to Mr. Kim and the Corporate Defendants

Claims Twenty to Twenty-Five of Plaintiff's Amended Complaint asserts claims for unjust enrichment against Mr. Kim and the Corporate Defendants. Specifically, from 2010 to 2013, Ms. Chon diverted portions of the embezzled funds to Mr. Kim for his own use and benefit and to their businesses, the Corporate Defendants, for their own use and benefit. (Am. Compl. ¶¶ 22, 23, ECF No. 92). Ms. Chon devotes much of her letter in opposition and her letter in sur-reply to Plaintiff's motion for default judgment to arguing that Mr. Kim, her husband, is a victim of her crime, not a beneficiary. (See generally ECF Nos. 346, 356). She maintains that she controlled and dispersed the embezzled funds through her personal checking account, to which Mr. Kim had no access, and

that Mr. Kim remained unaware that she was embezzling money or paying off debts "using ill-gotten funds." (ECF No. 356 at 1). While the Court appreciates Ms. Chon's advocacy on behalf of her husband, Ms. Chon is a pro se litigant and may not represent Mr. Kim's interests in this litigation. See Murray v. City of Phila., 901 F.3d 169, 170 (3d Cir. 2018) ("Although an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court.") (internal citation omitted).

Mr. Kim also filed letters in opposition to Plaintiff's motion for default judgment. (ECF Nos. 357, 371). Mr. Kim explains that the norm in many Asian cultures is to keep and use cash, and thus he was not financially literate and was not comfortable or familiar with using a bank account. (See generally ECF No. 357). Mr. Kim states that he relied completely on Ms. Chon's financial acumen to handle the family's finances and business ventures. Mr. Kim cannot believe Plaintiff's theory that he has benefitted from Ms. Chon's embezzlement when he is experiencing dire financial consequences as a result of Ms. Chon's actions. (Id. at 3).

The Court is sensitive to the hardships imposed on a family as a result of one family member's transgressions, but Mr. Kim's lack of knowledge of Ms. Chon's embezzlement is not a defense to the unjust enrichment claim against him. Accepting the Amended Complaint's factual averments as true, Mr. Kim and the Corporate Defendants received stolen funds from Ms. Chon, retained the benefit of the incoming money, and were thereby unjustly enriched as part of Ms. Chon's embezzlement scheme. Plaintiff has sufficiently pleaded a cause of action for unjust enrichment against Mr. Kim and the Corporate Defendants for purposes of default judgment.

### 2. Prejudice and Culpability

Turning to the second and third factors in the Court's three-factor analysis—the prejudice suffered by the party seeking default and the culpability of the party subject to default—the undersigned finds that these factors also weigh in favor of default judgment. As the undersigned

previously noted in Section II.A. above, Plaintiff properly served Defendants with the Amended Complaint by electronically filing it on July 11, 2016. (Am. Compl., ECF No. 92). Ms. Chon, Mr. Kim, and the Corporate Defendants (except for Defendant UBK Bagels Corp.) were represented by counsel at that time and continued to be represented by counsel until May 22, 2018, when the Court granted Defendants' counsel's motion to withdraw. (ECF No. 212). Yet the record reflects that Defendants never responded to Plaintiff's Amended Complaint. Their failure to respond prejudices Plaintiff because Plaintiff "has been 'prevented from prosecuting [its] case . . . and seeking relief in the normal fashion.'" Ottomanson, Inc., 2020 WL 205945, at *3 (quoting Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc., No. 11-624, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011)); see also Gowan v. Cont'l Airlines, Inc., No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. Jul. 9, 2012) ("Plaintiff will suffer prejudice if the Court does not enter default judgment as Plaintiff has no other means of seeking damages for the harm caused by Defendant.").

As to Defendants' culpability, "absent any evidence to the contrary, 'the Defendant[s'] failure to answer evinces the Defendant[s'] culpability in [the] default.'" Ottomanson, Inc., 2020 WL 205945, at *3 (quoting Teamsters Pension Fund of Phila. & Vicinity, 2011 WL 4729023, at *4). In this case, just as the District Court found in Ottomanson, Inc., "there is nothing before the Court to show that the Defendant[s'] failure to file an answer was not willfully negligent."[6] Id. (quoting Teamsters Pension Fund of Phila. & Vicinity, 2011 WL 4729023, at *4) (internal quotations omitted); see also Prudential Ins. Co. of Am. v. Taylor, No. 08-2108, 2009 WL 536043, at *1 (D.N.J. Feb. 27, 2009) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's

---

[6] The undersigned notes that unlike Ms. Chon and Mr. Kim, the defendant in Ottomanson, Inc., "failed to appear or defend [the case] in any manner." Ottomanson, Inc., 2020 WL 205945, at *1.

conduct is culpable and warrants default judgment). The undersigned therefore finds that the three factors weigh in favor of default judgment.

### C. Remedies

"Although the facts plead in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages." Gan Shi Lu, 2015 WL 4743925, at *3 (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990)). Plaintiff seeks damages against Ms. Chon in the amount of $1,351,090.00 and damages against Mr. Kim and the Corporate Defendants, jointly and severally, in the amount of $538,032.90.

#### 1. Damages Against Ms. Chon

Plaintiff seeks damages against Ms. Chon in the amount of $1,351,090.00, which Plaintiff represents is the amount of its losses from Ms. Chon's embezzlement and conversion of BankAsiana's funds. (Pei Decl. ¶ 17, ECF No. 308-4). To prove this, Plaintiff attaches, among other documents, the Audit Trail of Embezzled Funds (the "Audit Trail"), prepared by Wilshire Bank's internal audit manager and produced to the Government in connection with its investigation of Ms. Chon's embezzlement. (Pei Decl. ¶ 13, ECF No. 308-4; Ex. 3, ECF 309-1). The Audit Trail details all of Ms. Chon's unauthorized transactions and money transfers, which can be cross-referenced with the Total Cash Deposits and Loan Payments Summary (the "Deposits and Payments Summary"). The Deposits and Payments Summary identifies the date of Ms. Chon's withdrawals from customer accounts and the amount of money withdrawn along with the dates and amounts of the cash deposits into Ms. Chon's personal bank accounts. (Ex. 3, ECF 309-1). According to the Deposits and Payments Summary, the sum total of Ms. Chon's embezzled funds is $1,351,090.00. (Id.). In the related criminal action, Judge Walls entered a Consent Judgment and Order of Forfeiture (Money Judgment) compelling Defendant to make restitution to Plaintiff in this exact amount. (Consent Judgment and Order of Forfeiture (Money Judgment) in the matter

of United States v. Miye Chon, 2:15-cr-00077 (WHW), ECF No. 36).  Ms. Chon does not object to this calculation of damages.  (ECF No. 346 at 1, 9).  The undersigned is satisfied that Plaintiff has presented sufficient evidence for damages against Ms. Chon in the amount of $1,351,090.00.  The Court, therefore, will respectfully recommend that the District Court grant Plaintiff's motion as to Ms. Chon, (ECF No. 308), and enter default judgment against Ms. Chon in the amount of $1,351,090.00.

### 2. Damages Against Mr. Kim and the Corporate Defendants

Plaintiff seeks damages against Mr. Kim and the Corporate Defendants, jointly and severally, in the amount of $538,032.90.  Due to Defendants' default, Plaintiff states that it was not able to obtain discovery on the specific amounts Ms. Chon disbursed to Mr. Kim and each of the Corporate Defendants, but that there is no distinction between Mr. Kim and the Corporate Defendants which he "owned and controlled."  (ECF No. 308-5 at 21).  According to the Summary, $538,032.90 is the amount of money out of the $1,351,090.00 total funds embezzled that Ms. Chon deposited into her personal bank account or one of the Corporate Defendant's bank accounts.  (Ex. 3, ECF No. 390-1).  While the Court was prepared at the December 15, 2019 hearing to respectfully recommend to the District Court that default judgment be entered against the Corporate Defendants in Plaintiff's requested amount, the Court directed Plaintiff to submit supplemental briefing on Mr. Kim's liability in this case.  (See ECF No. 374).

Plaintiff argues that Mr. Kim personally guaranteed two loans: a Small Business Administration ("SBA") Loan from BankAsiana in the amount of $160,000.00 for Defendant Maywood Bagel Inc., (Ex. 1, ECF No. 380-1), and a second SBA Loan from Noah Bank in the amount of $1,100,000.00 to Mr. Kim's company, UBK A LLC, (Ex. 3, ECF No. 380-2).  (ECF No. 380 at 2-3).  Plaintiff claims that Mr. Kim was unjustly enriched when Ms. Chon used embezzled funds to pay down the loan amounts, thereby "avoid[ing] liability for default on

payments of principal, in addition to payments of interest that would have accrued." (Id. at 3). Specifically, Plaintiff claims that embezzled funds were used to pay at least $124,611.84 of the BankAsiana loan. Plaintiff bases this number on Wilshire Bank's Internal Investigation Report, which suggests that Ms. Chon made large, irregular payments of principal that occurred within days of Ms. Chon's withdrawal of greater sums from BankAsiana's customer accounts. (Id.). Plaintiff also claims that embezzled funds were used to pay at least $196,755.62 of the Noah Bank loan, with $43,796.40 paid toward the principal and $152,959.22 paid toward interest. (Id.). Plaintiff bases these figures off Mr. Kim's and Ms. Chon's Complaint in Foreclosure, which indicates that $1,083,599.03 was due and owing on the Noah Bank loan, which included $1,056,203.60 in principal; $22,788.67 in accrued and unpaid interest; $4,606.76 in late fees; and attorneys' fees, costs, and other sums. (Ex. 4 ¶ 21, ECF No. 380-3). Finally, Plaintiff relies on Ms. Chon's admissions in her letters in opposition and in sur-reply to the instant motion for default judgment to argue that Ms. Chon used some of the embezzled funds to pay down her debts, though she does not state how much of the funds she dispersed where. (See ECF No. 346 at 7; ECF No. 356 at 1).

Having reviewed Plaintiff's exhibits, the undersigned finds that Plaintiff's damages calculations as to Mr. Kim's liability are speculative at best. The undersigned cannot conclude that Mr. Kim was unjustly enriched in the amounts Plaintiff presents. Accordingly, the Court will respectfully recommend that the District Court grant Plaintiff's motion as to the Corporate Defendants, (ECF No. 308), and enter default judgment against the entities in the amount of $538,032.90. The undersigned will respectfully recommend that the District Court deny Plaintiff's motion as to Mr. Kim. (Id.).

### III. CONCLUSION

For the reasons stated herein, the undersigned respectfully recommends that the District

Court **GRANT** Plaintiff's motion, (ECF No. 308), as to Defendant Miye Chon and enter default judgment against Ms. Chon in the amount of $1,351,090.00; **GRANT** Plaintiff's motion, (id.), as to Defendants Bergenfield Bagel & Café Inc., Maywood Bagel Inc., UB's Pizza and Bagel Inc., UB's Bagel & Café Inc., and UBK Bagels Corp. (the "Corporate Defendants"), and enter default judgment against the Corporate Defendants, jointly and severally, in the amount of $538,032.90; and **DENY** Plaintiff's motion, (id.), as to Defendant Tae Jong Kim.

Dated: 3/18/20                              /Joseph A. Dickson, U.S.M.J./
                                            **JOSEPH A. DICKSON, U.S.M.J.**

cc.    Hon. Kevin McNulty, U.S.D.J.