UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------X
BANK OF HOPE, as successor to Wilshire Bank,

        Plaintiff,

  v.

MIYE CHON, a/k/a Karen Chon, TAE JONG KIM, BERGENFIELD BAGEL & CAFÉ INC., d/b/a Café Clair, MAYWOOD BAGEL INC., UB'S PIZZA & BAGEL INC., UB'S BAGEL & CAFÉ INC., and UBK BAGELS CORP., d/b/a Franklin Bagels & Café,

        Defendants.
------------------------------------------------------------X
SUK JOON RYU, a/k/a James S. Ryu,

        Cross-claim Plaintiff,

  v.

MIYE CHON, a/k/a Karen Chon,

        Cross-claim Defendant.
------------------------------------------------------------X

ECF CASE

2:14-cv-01770-KM-JAD

**ORDER**

Motion Day: November 18, 2019

    THIS MATTER having come before this Court by plaintiff Bank of Hope, by and through its attorneys Lee Anav Chung White Kim Ruger & Richter LLP, and cross-claim plaintiff Suk Joon Ryu, by and through his attorneys Steve Harvey Law LLC, for an Order, pursuant to Local Civil Rule 5.3(c): (1) granting their sealing request; and (2) granting such and other relief as the Court deems just and proper; and the Court having reviewed the moving papers submitted, and for good cause shown,

Conclusions of Law

    1.    The Third Circuit has recognized that there is "a common law public right of access to judicial proceedings and records." *Goldstein v. Forbes* (*In re Cendant, Corp.*), 260 F.3d 183,

192 (3d Cir. 2001).

2.        "The party seeking to seal any part of a judicial record bears the heavy burden of demonstrating that the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3rd Cir. 1994) (internal quotations omitted).

3.        "This Court has the power to seal where confidential information may be disclosed to the public." *Endo Pharms., Inc. v. Impax Labs., Inc.*, Civil Action No: 2:16-CV-2526-JLL-JAD, 2017 U.S. Dist. LEXIS 114009, at *6 (D.N.J. July 20, 2017).

4.        Courts have repeatedly sealed the amount of settlement payments where a settling party entered settlement in reliance on the confidentiality of that information. *See, e.g.*, *Leap Sys. v. Moneytrax, Inc.*, 638 F.3d 216, 222 (3rd Cir. 2011) (affirming denial of motion to unseal settlement amount where a settling party "would not have entered into the settlement agreements but for the Court's assurance of confidentiality"); *In re Armistead v. CONRAIL (In re Paulsboro Derailment Cases)*, Master Docket No. 13-784; Civil No. 13-2358 (RBK/KMW), 2016 U.S. Dist. LEXIS 143035, at *10 (D.N.J. Oct. 17, 2016) (sealing settlement amount where a settling party "relied on confidentiality of the settlement figure in making the settlement"); *Hershey Co. v. Promotion in Motion, Inc.*, Civil Action No.: 07-1601 (SDW), 2010 U.S. Dist. LEXIS 149977, at *10 (D.N.J. Aug. 4, 2010) (order to seal portions of transcript revealing confidential settlement terms protected by confidentiality provision in settlement agreement).

5.        Local Civil Rule 5.3(c)(3) requires that a motion to seal describe: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or

nonparty known to be objecting to the sealing request.

Proposed Findings of Fact

    1.    ECF Nos. 353 and 363 are presently under temporary seal.

    2.    Bank of Hope and Ryu (the "Movants") request that ECF Nos. 353 and 363, both of which disclose the amount of settlement, remain sealed. Redacted versions of the documents, in the form requested by the present motion, have been submitted as Exhibits A and B to the declaration of Michael M. Yi, Esq., dated October 22, 2019.

*The nature of the materials at issue*

**ECF No. 353**

    1.    The Movants request that Ryu's memorandum of law in support of his "Motion for Partial Reconsideration," dated August 26, 2019, and the accompanying Exhibits A and E (the "Motion"), be redacted to prevent disclosure of certain confidential information.[1] ECF Nos. 353-2, 353-5, 353-9. A redacted version of the Motion has been submitted as *Exhibit A*.[2]

    2.    In the Motion, Ryu discusses the parties' settlement and expressly states the settlement amount. *See* ECF Nos. 353-2, 353-5, 353-9. Pursuant to the Court's Letter Order, dated August 12, 2019 (the "Letter Order"), the settlement amount is confidential. ECF No. 348.

**ECF No. 363**

    3.    The Movants request that Ryu's reply memorandum of law in support of the Motion, dated September 30, 2019 (the "Reply"), also be redacted to prevent the disclosure of the

---

[1] The Movants do not seek relief with respect to ECF Nos. 353-1, 353-3-4, 353-6-8, and 353-10-18.

[2] Pursuant to the Court's Transcript Policy, ECF No. 353-5 (Exhibit A - Transcript of the Settlement Hearing dated July 24, 2019) is excluded from *Exhibit A*.

same confidential information. ECF No. 363. A redacted version of the Reply has been submitted as *Exhibit B*.

4. In the Reply, Ryu discusses the parties' settlement and effectively states the settlement amount by disclosing how much less the settlement amount was in comparison to the publicly available Rule 68 offer amount. *See* ECF No. 363. Pursuant to the Letter Order, the settlement amount is confidential. ECF No. 348.

### *The legitimate private or public interest which warrant the relief sought*

5. The Motion and the Reply (together, the "Documents") warrant redaction because they disclose the settlement amount, which the Court in the Letter Order concluded is confidential pursuant to the Letter Order and the Movants' Settlement Agreement.[3] The Movants have a legitimate private interest in the enforcement of the confidentiality term to which they agreed, and there is a public interest for the Court to not disclose that confidential information pursuant to the Letter Order. In particular, Bank of Hope entered the settlement in reliance of the confidentiality of the settlement amount, which was an essential term of the settlement. The protection of Bank of Hope's reasonable expectation that the settlement amount will remain confidential serves the public interest of encouraging settlements by other litigants entering settlements with similar expectations.

### *The clearly defined and serious injury that would result if the relief sought is not granted*

6. The Movants would be injured if the settlement amount and the amount which effectively discloses the settlement amount in the Documents are not redacted, because public disclosure of that information would constitute breach of the Movants' Settlement Agreement.

---

[3] The "Movants' Settlement Agreement" refers to the settlement, the terms of which are set forth in the Letter Order.

*Why a less restrictive alternative to the relief sought is not available.*

7. The Movants seek to redact only the settlement amount and the amount which effectively discloses the settlement amount in the Documents. *See* Exhibits A-B. There is no less restrictive alternative which would comply with the Movants' Settlement Agreement.

*Any prior order sealing the same materials in the pending action.*

8. There is no prior order sealing any of the Documents.

*The identity of any party or nonparty known to be objecting to the sealing request.*

9. The Movants do not have any knowledge of any party or nonparty objecting to the request to seal and redact the Documents.

For the foregoing reasons, it is on this 29th day of May, 2020, hereby:

**ORDERED** that, pursuant to Local Civil Rule 5.3(c), the Movants' joint motion to seal, (ECF No. 373), is **GRANTED**. The submissions filed under ECF Nos. 353-2; 353-5; 353-9; and 363 shall remain **SEALED.** The parties have filed redacted versions of these submissions under ECF Nos. 373-2 and 373-3; and it is further

**ORDERED** that although the Movants do not seek relief as to the submissions filed under ECF Nos. 353-4; 353-6; 353-7; 353-8; 353-10; 353-11; 353-12; 353-13; 353-14; 353-15; 353-16; 353-17; and 353-18, these submissions shall also remain **SEALED** pending further review by the Court. These submissions include settlement negotiations between the Court and the Movants which, if made public, may have a deleterious effect on the Court's ability to facilitate confidential and candid settlements. Accordingly, the identified submissions shall remain sealed until further Order by the Court; and it is further

**ORDERED** that, as the Movants do not seek relief with respect to the submissions filed under ECF Nos. 353-1 and 353-3, and as these submissions do not contain information related to settlement negotiations, these submissions shall be **UNSEALED**.

| Dated this 29th day of May, 2020. | 5 | /s/ Joseph A. Dickson |
|---|---|---|
| | | Hon. Joseph A. Dickson, U.S.M.J. |