UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------X
BANK OF HOPE, as successor to Wilshire Bank,

                Plaintiff,

    v.

MIYE CHON, a/k/a Karen Chon, TAE JONG KIM, BERGENFIELD BAGEL & CAFÉ INC., d/b/a Café Clair, MAYWOOD BAGEL INC., UB'S PIZZA & BAGEL INC., UB'S BAGEL & CAFÉ INC., and UBK BAGELS CORP., d/b/a Franklin Bagels & Café,

                Defendants.
------------------------------------------------------------X
SUK JOON RYU, a/k/a James S. Ryu,

                Cross-claim Plaintiff,

    v.

MIYE CHON, a/k/a Karen Chon,

                Cross-claim Defendant. ------------------------------------------------------------X

ECF CASE

2:14-cv-01770-KM-JAD

**ORDER**

Motion Day: March 2, 2020

       THIS MATTER having come before this Court by plaintiff Bank of Hope, by and through its attorneys Lee Anav Chung White Kim Ruger & Richter LLP, for an Order, pursuant to Local Civil Rule 5.3(c):  (1) granting its sealing request; and (2) granting such and other relief as the Court deems just and proper; and the Court having reviewed the moving papers submitted, (ECF No. 385), and for good cause shown,

Conclusions of Law

       1.       The Third Circuit has recognized that there is "a common law public right of access to judicial proceedings and records."  *Goldstein v. Forbes* (*In re Cendant, Corp.*), 260 F.3d 183, 192 (3d Cir. 2001).

2.     "The party seeking to seal any part of a judicial record bears the heavy burden of demonstrating that the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3rd Cir. 1994) (internal quotations omitted).

3.     "This Court has the power to seal where confidential information may be disclosed to the public." *Endo Pharms., Inc. v. Impax Labs., Inc.*, Civil Action No: 2:16-CV-2526-JLL-JAD, 2017 U.S. Dist. LEXIS 114009, at *6 (D.N.J. July 20, 2017).

4.     Courts have repeatedly sealed the amount of settlement payments where a settling party entered settlement in reliance on the confidentiality of that information. *See, e.g.*, *Leap Sys. v. Moneytrax, Inc.*, 638 F.3d 216, 222 (3rd Cir. 2011) (affirming denial of motion to unseal settlement amount where a settling party "would not have entered into the settlement agreements but for the Court's assurance of confidentiality"); *In re Armistead v. CONRAIL (In re Paulsboro Derailment Cases)*, Master Docket No. 13-784; Civil No. 13-2358 (RBK/KMW), 2016 U.S. Dist. LEXIS 143035, at *10 (D.N.J. Oct. 17, 2016) (sealing settlement amount where a settling party "relied on confidentiality of the settlement figure in making the settlement"); *Hershey Co. v. Promotion in Motion, Inc.*, Civil Action No.: 07-1601 (SDW), 2010 U.S. Dist. LEXIS 149977, at *10 (D.N.J. Aug. 4, 2010) (order to seal portions of transcript revealing confidential settlement terms protected by confidentiality provision in settlement agreement).

5.     Local Civil Rule 5.3(c)(3) requires that a motion to seal describe: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request.

Proposed Findings of Fact

6. Bank of Hope requests that the transcript of proceedings dated December 5, 2019 (the "Transcript"), which discloses the amount of settlement, be sealed. A redacted version of the Transcript, in the form requested by the present motion, was submitted to the Court.

***The nature of the materials at issue***

**The Transcript**

7. Bank of Hope requests that the Transcript be redacted to prevent disclosure of certain confidential information.

8. In the Transcript, Bank of Hope's counsel discusses the parties' settlement and expressly states the settlement amount. Pursuant to the Court's Letter Order, dated August 12, 2019 (the "Letter Order"), the settlement amount is confidential. ECF No. 348.

***The legitimate private or public interest which warrant the relief sought***

9. The Transcript warrants redaction because it discloses the settlement amount, which the Court in the Letter Order concluded is confidential pursuant to the Letter Order and the Settlement Agreement.[1] Bank of Hope has a legitimate private interest in the enforcement of the confidentiality term to which they agreed, and there is a public interest for the Court to not disclose that confidential information pursuant to the Letter Order. In particular, Bank of Hope entered the settlement in reliance of the confidentiality of the settlement amount, which was an essential term of the settlement. The protection of Bank of Hope's reasonable expectation that the settlement amount will remain confidential serves the public interest of encouraging settlements by other litigants entering settlements with similar expectations.

---

[1] The "Settlement Agreement" refers to the settlement, the terms of which are set forth in the Letter Order.

*<u>The clearly defined and serious injury that would result if the relief sought is not granted</u>*

10.     Bank of Hope would be injured if the settlement amount in the Transcript is not redacted, because public disclosure of that information would constitute breach of the Settlement Agreement.

*<u>Why a less restrictive alternative to the relief sought is not available.</u>*

11.     Bank of Hope seeks to redact only the settlement amount in the Transcript. There is no less restrictive alternative which would comply with the Settlement Agreement.

*<u>Any prior order sealing the same materials in the pending action.</u>*

12.     There is no prior order sealing the Transcript.

*<u>The identity of any party or nonparty known to be objecting to the sealing request.</u>*

13.     Bank of Hope does not have any knowledge of any party or nonparty objecting to the request to seal and redact the Transcript.

For the foregoing reasons, it is on this 24th day of July, 2020, hereby:

ORDERED that, pursuant to Local Civil Rule 5.3(c), the motion to seal, (ECF No. 385), is **GRANTED** and shall be entered for the Transcript; and it is further

ORDERED that, pursuant to this District's "Policy Regarding the Redaction and Sealing of Civil Case Transcripts/Digital Recordings," Plaintiff shall submit to the Court's transcription agency the "Statement of Redaction and Sealing Pursuant to L. Civ. R. 5.3(g)" available at https://www.njd.uscourts.gov/transcript-policy.

    s/ Joseph A. Dickson
    Hon. Joseph A. Dickson, U.S.M.J.

Dated this 24th day of July, 2020.