# EXHIBIT A

**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BANK OF HOPE,**<br>**Plaintiff,**<br>**v.**<br>**MIYE CHON et al.,**<br>**Defendants.** | **REDACTED**<br><br>**Civil Action No. 14-cv-1770 (KM) (JAD)**<br><br>**OPINION** |

**JOSEPH A. DICKSON, U.S.M.J.**

Presently before the Court is a Motion for Partial Reconsideration filed by Counterclaim Plaintiff Suk Joon Ryu ("Mr. Ryu"). (ECF No. 353). Mr. Ryu seeks partial reconsideration of my Letter Order dated August 12, 2019, in which I granted with certain clarifications Mr. Ryu's Second Emergency Motion to Enforce the Settlement against Plaintiff/Counterclaim Defendant Bank of Hope ("Bank of Hope"). (ECF No. 348). Bank of Hope filed a brief in opposition to the Motion for Partial Reconsideration, (ECF No. 362), to which Mr. Ryu replied.[1] (ECF No. 363). In addition to carefully reviewing the parties submissions, I heard oral argument on the matter on December 5, 2019. For the reasons stated herein, I will deny Mr. Ryu's Motion for Partial Reconsideration.

## I. RELEVANT BACKGROUND

Because I write primarily for the parties and understand that they are familiar with the facts

[1] I will refer to Mr. Ryu's brief in support of his motion for reconsideration, (ECF No. 353-2), as "Ryu Br."; to Bank of Hope's brief in opposition, (ECF No. 362), as "Bank Opp'n Br."; and to Mr. Ryu's reply, (ECF No. 363), as "Ryu Reply."

and procedural posture of this case, I include only those facts necessary to resolve the present motion.

By way of Letter Order dated August 12, 2019, I ruled on Mr. Ryu's second Emergency Motion to Enforce the Settlement against Bank of Hope. (ECF No. 348). I found that at the July 24, 2019 settlement conference, Bank of Hope and Mr. Ryu reached a binding agreement which included the following material points of settlement: the amount of consideration; the date the settlement amount would be paid; the dismissal of Mr. Ryu's Counterclaim Count III against Bank of Hope; and the exchange of mutual releases with two specific carveouts to Mr. Ryu's release. (ECF No. 348 at 4). The two carveouts excepted from Mr. Ryu's release were (1) his claims against Bank of Hope for malicious use of process and (2) his claims in the advancement action then-pending in the United States District Court for the Southern District of New York.[2] (Id. at 4-5). In making this finding, I relied upon and referenced in my Letter Order, verbatim, the parties' statements made on the record during the July 24, 2019 in-person settlement conference. (Id. at 2-3).

Despite it being clear that the parties entered into a binding settlement agreement, the parties' attempts to memorialize the agreement were fraught with disagreements over language and the scope of the general releases. The parties' primary contention was whether, as part of Mr. Ryu's general release with two specific carveouts, he also released his right to indemnification for

---

[2] On April 26, 2020, Bank of Hope filed a letter notifying the Court that the advancement action in the United States District Court for the Southern District of New York, captioned Suk Joon Ryu v. Hope Bancorp, Inc., 18-cv-1236-JSR-KHP, settled and was voluntarily dismissed with prejudice by way of a Stipulation of Dismissal on April 22, 2020. (Letter and Stipulated Order, ECF No. 389). Although Mr. Ryu noted in his moving brief for the instant motion that "[i]t may turn out to be unnecessary for this Court to ever address Ryu's indemnification rights, because all issues relating to the subject may be addressed in the New York action," Mr. Ryu did not update the Court on whether the voluntary dismissal of the advancement action has an effect on the present matter. (Ryu Br. at 16, ECF No. 353-2).

attorney's fees by Bank of Hope pursuant to state laws and certain bylaws of Bank of Hope's predecessor in interest. I noted in my Letter Order that Mr. Ryu raised the issue of indemnification for attorney's fees in two places within his Answer to the Amended Complaint: once in the Answer's Prayer for Relief, after his Affirmative Defenses, (Amended Answer at 20, ECF No. 111), and once in the Prayer for Relief after his Counterclaims, (id. at 50). (ECF No. 348 at 5). I then wrote:

> Although Ryu asserts that Bank of Hope knew about [the issue of indemnification raised in Ryu's Answer], [indemnification] was not discussed at the settlement conferences. Consequently, there is no basis now to enforce the preservation of these claims in the settlement. [footnote in original] It was not a term or an exclusion that was mentioned at the July 24, 2019 settlement hearing, at which time counsel for Ryu was clear about was being excluded from his release. Accordingly, [Ryu's indemnification claim] was released at the July 24, 2019 settlement hearing.

(ECF No. 348 at 5-6). In a footnote, I suggested that Mr. Ryu's argument for indemnification preservation may implicate New Jersey's entire controversy doctrine, but decided it was not necessary to rule on whether the indemnification claim is barred by such doctrine. (Id. at 5, n.5),

Based on these findings, I granted Mr. Ryu's second Emergency Motion to Enforce the Settlement, but on the following terms:

(1) The Bank shall pay to Mr. Ryu [redacted] by delivering, within twenty-four (24) hours the settlement check to Mr. Ryu's counsel;

(2) Mr. Ryu's Counterclaim Count III against Bank of Hope is hereby dismissed with prejudice;

(3) The parties shall each release each other for any and all claims that were or could have been raised in this lawsuit, except that Mr. Ryu does not release (a) any claims he may have for malicious use of civil process and (b) any claims in the advancement action in the United States District Court for the Southern District of New York; and

(4) The settlement amount is confidential and shall not be disclosed by any party hereto unless required by Court Order or by mutual consent. (ECF No. 348 at 7).

Bank of Hope subsequently paid the settlement amount by wire transfer to Mr. Ryu's counsel on August 12, 2019, in accordance with the Letter Order. (Yi Cert. ¶ 23, ECF No. 362-1). On August 26, 2019, Mr. Ryu filed the present Motion for Partial Reconsideration. (ECF No. 353). Mr. Ryu asks only that I reconsider my finding that the settlement agreement reached on the record at the July 24, 2019 settlement hearing included a release of Mr. Ryu's right to indemnification for attorney's fees and costs. (Ryu Br. at 2, ECF No. 353-2). Mr. Ryu clarifies that the attorney's fees and costs to which he refers are not those incurred because of Counterclaim III, but because of Bank of Hope's original claims against Mr. Ryu. (Id.).

## II. LEGAL STANDARD

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence.'" Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is "an extraordinary remedy that is granted 'very sparingly.'" Brackett v. Ashcroft, No. 03-3988 (WJM), 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (internal citation omitted). In this District, Local Civil Rule 7.1(i) governs motions for reconsideration. It requires the moving party to set forth "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i).

To prevail on a motion for reconsideration, the moving party must show at least one of the following: (1) there has been an intervening change in the controlling law; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest justice. See Carmichael v. Everson, et al., 03-4787 (DMC), 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). The Court will typically grant a motion for reconsideration only if

its prior decision overlooked a factual or legal issue that may alter the disposition of the application. Church & Dwight Co, Inc. v. Abbott Labs., 545 F.Supp.2d 447, 450 (D.N.J. 2008). As such, it may ordinarily address only those matters of fact or issues of law that were presented to, but were not considered by, the Court in rendering its decision. Days Inns Worldwide, Inc. v. Ram Lodging, LLC, et al., No. 09-2275 (SDW), 2010 WL 2985641, at *1 (D.N.J. July 19, 2010) (citing SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J. 1989), aff'd, 891 F.2d 283 (3d Cir. 1989)).

Furthermore, a motion for reconsideration that merely raises a disagreement with the Court's decision should be denied. Id. The reconsideration process "should not provide the parties an opportunity for a second bite at the apple." Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998). Nor should a motion for reconsideration be used to raise new issues with the benefit of "the hindsight provided by the court's analysis." Leja v. Schmidt Mfg., Inc., No. 01-5042 (DRD), 2008 WL 1995140, at * 3 (D.N.J. May 6, 2008).

## III. ANALYSIS

In seeking partial reconsideration, Mr. Ryu argues that my decision that the parties' July 24, 2019 settlement agreement included a release of Mr. Ryu's right to indemnification for attorney's fees is "contrary to law or clearly erroneous." (Ryu Br. at 3, ECF No. 353-2).

First, Mr. Ryu suggests that I misinterpreted his counsel's statement at the July 24, 2019 settlement hearing concerning the scope of the release. (Id. at 12). The pertinent exchange between the parties' was as follows:

> MR. YI: That's fine, Your Honor. So it would be—there will be a carveout to the general releases, mutual general releases for two things: Number one, Mr. Harvey's client's malicious use of process claim against Bank of Hope; and, second, Mr. Harvey's client's rights and remedies in the advancement case pending in the Southern District of New York.

> MR. HARVEY: Well, the only clarification is when we use the term "general release," we are generally releasing any—the claim that was asserted in this action, the counterclaim, and any other claims that were or could have been brought with the counterclaim. That's what we're releasing.

(Tr. of July 24, 2019 Settlement Hr'g 7:5-7:17, ECF No. 342).

Mr. Ryu argues it is incorrect to understand the phrase "any other claims that were or could have been brought with the counterclaim" to include a release for any claim of indemnification as well. (Ryu Br. at 12, ECF No. 353-2). Mr. Ryu claims that pursuant to the relevant New Jersey statute, a claim against Bank of Hope for attorney's fees was not ripe until he was successful on the merits of the claims brought against him. (Id. at 12-13; see N.J. Stat. Ann. § 17:9A-250(D)). Consequently, Mr. Ryu maintains that his "right to indemnification under the New Jersey statute is NOT a claim that was or could have been brought with the counterclaim, because at that point he had not been successful on any claims." (Ryu Br. at 12, ECF No. 353-2) (emphasis in original). Mr. Ryu was "successful" on the merits of Bank of Hope's claims and his right to a claim for attorney's fees became ripe on April 11, 2019, when the Court Ordered Bank of Hope's voluntarily dismissal with prejudice of the claims against him. (Id. at 13; ECF No. 292).

In opposition, Bank of Hope argues that I have already addressed these arguments in my August 12, 2019 Letter Order and that Mr. Ryu is merely relitigating the issues. (Bank Opp'n Br. at 4, ECF No. 362). I agree. I previously found that based on the parties' negotiations and the on-the-record exchange, the issue of indemnification, despite being raised in the Prayer for Relief in Mr. Ryu's Answer and Counterclaims, and despite becoming ripe on April 11, 2019, was not a term or an exclusion mentioned at the July 24, 2019 settlement hearing, at which Mr. Ryu was clear about the two express carveouts of his release. (ECF No. 348 at 5-6).

Mr. Ryu's second argument is that my reasoning in the Letter Order was based on the erroneous belief that this litigation was settling "once and for all." (Ryu Br. at 13, ECF No. 353-

2). Mr. Ryu cites to my August 9, 2019 letter to the parties concerning settlement, in which I wrote: "It is clear that the original overriding goal was to settle this litigation once and for all and allow the parties to move on and resolve their other disputes, which have been articulated on the record." (Harvey Decl., Ex. G at 1-2, ECF No. 353-11). Mr. Ryu argues that the parties did not intend to settle this litigation in the way I phrased it, but that the parties intended only to settle Counterclaim Count III. (Ryu Br. at 14-15, ECF No. 353-2). Mr. Ryu points to the fact that there were several related matters outstanding before the Court, including ongoing disputes against the remaining Defendants, as well as my November 12, 2017 Letter Order precluding Mr. Ryu's communications with certain parties. (Id. at 15).

Indeed, I was aware of these outstanding disputes in the underlying action. I noted it on the record at the July 24, 2019 settlement hearing, (Tr. of July 24, 2019 Settlement Hr'g, 3:15-3:17), and reiterated it in my August 12, 2019 Letter Order. (ECF No. 348 at 2, n.3). But I was also aware that by way of Order dated April 11, 2019, Bank of Hope voluntarily dismissed with prejudice all of its claims against Mr. Ryu, thereby terminating that part of the case and Mr. Ryu's status as a defendant in the underlying matter. (See ECF No. 292). And so, when I stated that the "goal was to settle this litigation once and for all," it was with the understanding based on my discussions with the parties that there would be no further litigation on claims in this action between Bank of Hope and Mr. Ryu once they settled Counterclaim Count III and any other claim that could be brought with it against Bank of Hope, which includes the demand for attorney's fees as raised in Mr. Ryu's Prayer for Relief in his Answer and Counterclaims. The preservation of Mr. Ryu's right for indemnification was not raised, and as Bank of Hope represented at the December 5, 2019 oral argument, "a decision to settle once and for all was made for a sum certain based on a number of considerations by [Bank of Hope]," including that it "would not have to deal

with the demand for attorneys' fees as pled in the answer and counterclaims." (Tr. of Dec. 5, 2019 Mot. Hr'g 50:5-50:11). Moreover, Bank of Hope paid the settlement amount to Mr. Ryu.

As I stated in my August 12, 2019 Letter Order, the parties reached an agreement on all the material points of settlement, and I did not find there was no meeting of the minds such that I needed to call the parties back to the negotiating table. Based on Mr. Ryu's arguments and my analysis above, Mr. Ryu has not demonstrated that I erred in deciding he released his right to indemnification against Bank of Hope at the July 24, 2019 settlement hearing. I do not find reason to disrupt the parties' settlement. I will therefore deny Mr. Ryu's Motion for Partial Reconsideration of my August 12, 2019 Letter Order.

## IV. CONCLUSION

Based on the foregoing, Mr. Ryu's Motion for Partial Reconsideration, (ECF No. 353), of my August 12, 2019 Letter Order is **DENIED**. An appropriate form of Order accompanies this Opinion.

s/Joseph A. Dickson
**JOSEPH A. DICKSON, U.S.M.J.**

Date: May 1, 2020

cc: Honorable Kevin McNulty, U.S.D.J.