UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BANK OF HOPE,<br><br>        Plaintiff,<br><br>v.<br><br>MIYE CHON, a/k/a Karen Chon, *et al.*,<br><br>        Defendants. | Civil Action No. 14-01770 (JXN) (JSA)<br><br>**MEMORANDUM OPINION** |

**NEALS**, District Judge

This matter comes before the Court on the unopposed motion of Crossclaim Plaintiff Suk Joon Ryu, a/k/a James S. Ryu ("Ryu"), for Default Judgment against Crossclaim Defendant Miye Chon, a/k/a Karen Chon ("Chon"), pursuant to Fed.R.Civ.P. 55(b)(2). The Court having requested supplemental briefing and documentation in support of the relief requested, Chon having not responded, the Court has considered Ryu's submissions (ECF Nos. 415, 423), and conducted a proof hearing on April 17, 2024 (ECF No. 428). For the reasons set forth below, the Court awards Ryu compensatory damages on default judgment against Chon.

**I.    BACKGROUND**

The relevant factual and procedural history are set forth in the Court's prior opinion, *see Bank of Hope v. Miye Chon*, No. 14CV1770KMJAD, 2020 WL 1193071 (D.N.J. Feb. 18, 2020), *report and recommendation adopted sub nom*. *Bank of Hope v. Chon*, No. CV 14-1770 (KM), 2020 WL 1188463 (D.N.J. Mar. 12, 2020), which the Court incorporates by reference here. Accordingly, the Court will only briefly recount the facts and procedural history with an emphasis on information relevant to the instant application.

Ryu worked for BankAsiana as its Senior Vice President and Chief Operating Officer.

BankAsiana went through a series of mergers and eventually became Bank of Hope[1] ("the Bank"). In 2013, Ryu left the Bank to work for New Millennium Bank ("NMB").

About a year later, the Bank discovered that one of its employees, Chon, had stolen money from dozens of customers. (Am. Compl. ¶ 18; Am. Cross-cl. ¶ 29, ECF No. 111.) She had managed to embezzle more than a million dollars. In March 2016, Chon pleaded guilty to embezzling $1,431,195.22 from the Bank between 2010 and 2013. (Am. Cross-cl. ¶ 28.)

Chon tried to implicate Ryu having alleged that Ryu had taken part in the embezzlement and taken a sizable "cut" of the proceeds. (Am. Cross-cl. ¶¶ 33, 36, 38, 48, 50.) As a result, the Bank froze Ryu's personal account at the Bank and shared its suspicions with Ryu's new employer NMB, which then fired him. The Bank also sued both Chon and Ryu to recover the embezzled funds. (*See* generally Am. Compl., ECF No. 92.)

Ryu denied any wrongdoing, and the government never charged him. On September 26, 2016, Ryu filed an Amended Answer, Affirmative Defenses, Counterclaims, and Crossclaims ("Amended Crossclaim")[2] in this matter. (*See* ECF No. 111.) Count I of Ryu's Crossclaims asserts a claim for defamation against Chon for publishing false and defamatory statements that Ryu conspired with her to embezzle money from the Bank. (*Id*. ¶¶ 192-199).

On April 10, 2019, the Bank dismissed its claims against Ryu with prejudice. (ECF No. 292.)

On June 18, 2019, Ryu requested that the Clerk enter default against Chon pursuant to Rule

---

[1] Plaintiff Bank of Hope is the successor to Wilshire Bank, who in turn is the successor-by-merger to BankAsiana. (Am. Complaint ¶ 1, ECF No. 92; Am. Cross-cl. ¶ 117, ECF No. 111).

[2] Ryu's original Answer, Affirmative Defenses, Counterclaim, and Crossclaim ("Original Crossclaim") were filed on May 8, 2014. (ECF No. 25.) The Original Crossclaim asserted a claim for defamation against Chon. (*Id*. at 25, ¶¶ 25-28.) Chon was served with a copy of Ryu's Original Crossclaim by way of the CM/ECF system, facsimile, and U.S. mail. (*Id*. at 27.) On June 6, 2014, Chon filed an Answer to Ryu's Original Crossclaim. (ECF No. 35.) On December 2, 2016, Chon's Answer to Ryu's Original Crossclaim was stricken from the record for failure to comply with two Court Orders. (ECF No. 134.)

55(a). (ECF No. 305.) On June 20, 2019, the Clerk entered default against Chon. On June 25, 2019, Ryu filed a motion for default judgment, a copy of which was served on Chon through Certified and U.S. First Class Mail. (ECF No. 307.) Chon did not respond to Ryu's motion.[3]

On February 18, 2020, the Honorable Joseph A. Dickson, U.S.M.J. (ret.) ("Judge Dickson") issued a Report and Recommendation ("R&R") recommending the Court grant Ryu's motion for default judgment on his crossclaim for defamation against Chon, with damages to be determined. (ECF No. 386.) On March 12, 2020, the Honorable Kevin McNulty, U.S.D.J. (ret.) ("Judge McNulty") issued an Order Affirming and Adopting Judge Dickson's R&R and granted Ryu default judgment against Chon. (ECF No. 387.) The Order provided that the determination of the amount of damages be deferred, at the suggestion of counsel for Ryu, and be determined in conjunction with, or following, the resolution of Ryu's related case, *Ryu v. Bank of Hope*, Civ. No. 19-18998 (KM/JBC)." (*Id.*)

On January 19, 2024, the Court directed Ryu to submit affidavits or other documentary evidence in support of his claim for damages against Chon. (ECF 420.).[4] [5] On February 20, 2024,

---

[3] As of this date, Chon has failed to file any responsive pleading or otherwise appear in this action and has not requested any extension of time to respond. As evidenced by the numerous "Mail Returned as Undeliverable" entries in the docket, the Court's attempts to serve Chon with papers related to the default judgment have been unsuccessful. (*See e.g.,* ECF Nos. 280, 281, 341, 354, 355, 398, 399, 412-414, 424.) The Court has reason to believe Chon was released from Prison in January 2022. Chon has not made any attempt to communicate with the parties or the Court regarding this litigation since her release. As a *pro se*, Chon is required to comply with L. Civ. R. 10.1(a) which mandates that counsel and/or unrepresented parties notify the Clerk of the Court of any address changes within seven (7) days of any such change, Chon has failed to do so.

[4] Ryu's first submission in support of his request for damages on the default judgment against Chon was filed on August 30, 2021. (*See* ECF No. 415.)

[5] The Court noted that February 16, 2024 would be established as the hearing date for the entry of final judgment. (*Id.*) Additionally, the Court advised that "[i]n the absence of an appearance or filing on behalf of Defendant Chon on or before Friday, February 9, 2024, the hearing shall be conducted on the papers. The Court will enter the total amount of final judgment upon the appropriate showing of proof. Defendant Ryu shall serve a copy of those proofs filed with the Court on Defendant Chon at her last known address. The Clerk of the Court is directed to mail a copy of this Letter Order to Defendant Chon at her last known address." (*Id.*) On February 16, 2024, Ryu Letter request for an extension until February 21, 2024 to submit affidavits and other documentary evidence in support of his damages sought against Chon. (ECF No. 421.) The Court granted Ryu's request. (ECF No. 422.)

Ryu filed supplemental briefing and accompanying exhibits in support of the damages award on default judgment against Chon. (ECF No. 423.) The Court conducted a proof and damages hearing on April 17, 2024.

## II. DISCUSSION

Once the Clerk has entered default, the non-defaulting party may move for default judgment under Rule 55(b)(2). In an application for an entry of default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted. *DIRECTV, Inc. v. Pepe,* 431 F.3d 162, 165 (3d Cir. 2005). Neither are the extent and amount of damages claimed by a party. *See Polidoro v. Saluti*, 675 F. App'x. 189, 190 (3d Cir. 2017). Thus, the Court must receive an affidavit or conduct a hearing in which damages are substantiated unless the claim is for a sum certain or a sum that can be made certain by computation. *See* Fed. R. Civ. P. 55(b)(1) (allowing the Clerk's entry of default judgment when damages amounts are certain). Entry of default judgment where damages are not a "sum certain" requires an application to the Court to prove, *inter alia*, damages. Fed. R. Civ. P. 55(b)(2).

Ryu asserts that he sustained substantial damages as a result of Chon's defamatory statements, as alleged in the Am. Crossclaim (Am. Cross-cl. ¶¶ 192-99), which are the subject of the default judgment. (ECF 386 at 3-4 (identifying the defamatory statements that are the basis of the default judgment).)

New Jersey law recognizes three categories of damages in defamation actions: "(1) compensatory or actual, which may be either (a) general or (b) special; (2) punitive or exemplary; and (3) nominal." *W.J.A. v. D.A.*, 210 *N.J.* 229, 239 (2012) (*quoting Prosser and Keeton on Torts* § 116A at 842 (5th ed. 1984)). "All compensatory damages . . . depend on showings of actual

4

harm" and may not be presumed. *Nuwave Investment Corp. v. Hyman Beck & Co., Inc.*, 221 *N.J.* 495, 499 (2015). Special actual damages "compensate a plaintiff for specific economic or pecuniary loss," while general actual damages "address harm that is not capable of precise monetary calculation." *Id*. Therefore, actual damages may include "impairment to reputation and standing in [a] community." *W.J.A.*, 210 *N.J.* at 239 (citation omitted). Unlike compensatory damages, "[n]ominal damages . . . do not attempt to compensate the plaintiff for an actual loss. Rather, they are a trivial amount . . . ." *Nappe v. Anschelewitz, Barr, Ansell & Bonello*, 97 *N.J.* 37, 48 (1984) (citation omitted). Nominal damages "'serve[] the purpose of vindicating the character of 'a plaintiff who has not proved a compensable loss.'" *Nuwave*, 221 *N.J.* at 499 (*quoting W.J.A.*, 210 *N.J.* at 240-41). If "compensatory damages are otherwise available to the plaintiff," nominal damages are not to be awarded. *Id*. at 500.

Here, Ryu seeks (1) special damages for his lost earnings, both past and future, as a result of Chon's defamatory statements, and (2) actual damages for the impairment of his reputation and standing in the community along with the resulting personal humiliation and mental anguish. (*See* ECF No. 423 at 4.)[6] The Court finds that on his crossclaim of defamation, Ryu is entitled to compensatory damages for the detrimental effects of Chon's defamatory statements which were reasonably to be foreseen and which are the direct and natural result of the defamatory statement.

First, the lost earnings Ryu seeks constitute special damages because they are capable of precise calculation. The Court finds Ryu's request for special damages is supported by his Supplemental Declaration (Exhibit A ¶¶ 13-20, ECF No. 423-1) and the Supplemental Report of Vocational Expert Gary Young ("Young") (Exhibit B, ECF No. 423-2)[7]. According to Young,

---

[6] In his Crossclaim, Ryu sought punitive damages against Chon but has since abandoned that request and seeks only compensatory damages. (*See* ECF No. 4 n.1)

[7] During the April 17, 2024 hearing, the Court found that Young's expert opinion was based on valid reasoning and

5

Ryu's past lost wages after taxes is $1,399,339 and his future lost wages depend on how long Ryu will continue to work. (*See* Exhibit B at 3.) In his Supplemental Declaration, Ryu states that he will be forced to work until at least seventy (70) because of the lost income suffered as a result of Chon's defamatory statements (Exhibit A ¶ 25) which is an additional twelve (12) years for an additional loss of $1,752,437 as shown in Young's Supplemental Report. (Exhibit B at 2-3.)

Second, Ryu seeks to recover general damages for the impairment of his reputation and standing in the community along with the personal humiliation and mental anguish caused by that loss of reputation and standing. The Court finds that Ryu's request for general damages is also supported by the record. Specifically, in the Offer of Proof ("Offer") (ECF No. 415-1), which Ryu and his wife verified under oath, Ryu maintains that because of Chon's false s false and defamatory accusations that he participated in the embezzlement with her, the Bank named him as a defendant in this action. (Offer ¶ 10.) Ryu was terminated from his employment with NMB because of the filing of this action and the reporting of it in several news publications that followed including USA Today. (Offer ¶ 12.) Ryu avers that the Bank did not dismiss its claims against him until April 2019. (Offer ¶ 11.) Thus, due to Chon's actions, Ryu suffered severe financial strain and was forced to liquidate his entire 401(k) retirement plan and surrender his life insurance policy (Offer ¶ 26); had to stop making payments on his mortgage which caused him to go into foreclosure proceedings (Offer ¶ 24); and had to apply for food stamps (Offer ¶¶ 25, 23). Ryu claims he became depressed and experienced great emotional stress and pain, which was exacerbated by his realization that people in the Korean American and broader communities viewed him as a thief and embezzler. (Offer ¶ 30.) Specifically, Ryu claims that in 2014, his father-in-law passed away

---

reliable methodology.

thinking that Ryu was an embezzler. (Offer ¶ 31.) Ryu states that he was also disgraced in the eyes of his mother, who learned of the loss of his job with NMB and the embezzlement accusation before she developed acute kidney damage and irreversible dementia in 2015. (*Id.*) Further, Ryu claims that except for a short-term work assignment in 2016, Ryu was unable to secure gainful employment from 2014 until April 2021, when he was re-hired by NMB at a salary of $120,000, $40,000 less than his salary in 2013. (Offer ¶ 13.) Ryu maintains that his financial situation is still precarious. (Offer ¶ 31.)

In Ryu's Supplemental Declaration (Exhibit A) he offers the report of Susan Fiester, M.D as an expert opinion on the general damages caused by Chon's defamatory statements, ("Dr. Fiester's Report", ECF No. 415-2). Dr. Fiester's Report notes that Ryu developed two DSM-V major psychiatric -disorders, Generalized Anxiety Disorder, and Major Depressive Disorder. (*Id.* at 16.) Dr. Fiester's Report provides that

> In addition to developing major psychiatric conditions, Mr. Ryu also suffered a vast array of additional psychological symptoms and negative consequences of the false allegations. … There is almost no area of his life which has not been negatively impacted by the false allegations. Mr. Ryu requires treatment with psychotherapy and psychotropic medication for his anxiety and depressive disorders.

(*Id.* at 17.)

Here, having found the testimony of these witnesses to be credible, and having reviewed Ryu's justification for damages and its associated reports, the Court concludes that Ryu has demonstrated actual harm suffered as a result of Chon's defamatory statements and will grant Ryu's request for an award of compensatory damages against Chon consisting of special damages in the amount of $3,151,776.40 ($1,399,339 for past lost wages and $1,752,437.40 for future lost wages) and general damages in the amount of $800,000 for the impairment to Ryu's reputation and standing in the community, along with personal humiliation and mental anguish. *See*

*ThermoLife Int'l LLC v. Connors*, No. CIV. 2:13-4399 KM, 2014 WL 1050789, at *9 (D.N.J. Mar. 17, 2014) (granting injunction in a defamation action in the context of default judgment, where "defendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default"); *Arpaio v. Dupre*, No. CIV.A. 08-3548 JAP, 2011 WL 831964, at *7 (D.N.J. Mar. 3, 2011) ("Having found the testimony of these witnesses to be credible, and having reviewed Plaintiff's justification for damages and its associated reports, the Court will grant Plaintiff's request for an award of damages in the amount of $3,000,000. An appropriate order shall issue."); and *Leiva v. City of Trenton*, No. CV135136MASDEA, 2021 WL 2722718, at *5 (D.N.J. June 30, 2021) (Awarding compensatory damages in the amount of $50,000 on default judgment for past and future pain and suffering in Section 1983 action "for the difficulties [Plaintiff] has suffered at the hands of Defendant.").)

### III.   CONCLUSION

For the foregoing reasons, Ryu is granted compensatory damages amounting to a total award of $3,951,776.40. This award is comprised of special damages in the amount of $3,151,776.4 for past lost wages and future lost wages and general damages in the amount of $800,000 for the impairment to Ryu's reputation and standing in the community, along with personal humiliation and mental anguish. The Court will issue an Order consistent with this Opinion.

**DATED: May 7, 2024**

JULIEN XAVIER NEALS
United States District Judge